UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JASON ERPINAR,

Plaintiff,

v.

SANTOS, et al.,

Defendants.

No. 1:19-cv-01288-NONE-EPG (PC)

ORDER AFFORDING PLAINTIFF ONE FINAL OPPORTUNITY TO EITHER AMEND OR NOTIFY THE COURT THAT HE WISHES TO PROCEED ON THE CLAIM FOUND TO BE COGNIZABLE

(Doc. No. 16)

Jason Erpinar ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 10, 2020, the assigned magistrate judge screened the complaint and found that certain claims were insufficiently pled, but that one claim was pled with sufficient specificity to proceed, namely that the John Doe "tower officer" at California Correctional Institute, Tehachapi failed to protect plaintiff from assault by opening plaintiff's cell to allow inmates into his cell and then closing the cell door to permit those inmates to assault plaintiff. (Doc. No. 10 at 5–6.) Plaintiff was given the option of amending to attempt to cure the insufficient claims or proceeding only on the claim found to be cognizable in the screening order. (*Id*. at 7–8.) Plaintiff was afforded thirty (30) days within which to amend or notify the court that he wished to proceed; he was warned that failure to comply with that deadline might result in

dismissal. (*Id*. at 8–9.)

Plaintiff was granted two extensions of time based upon his desire to show his complaint to an attorney; the last these extensions issued June 11, 2020 and gave plaintiff an additional thirty days to comply with the court's prior order. (Doc No. 14.) Plaintiff failed to respond by that deadline. On August 28, 2020, the magistrate judge entered findings and recommendations, recommending that "[t]his case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and to prosecute this case," and that "[t]he Clerk of Court be directed to close this case." (Doc. No. 16 at 3.)

Plaintiff filed objections to those findings and recommendations on September 11, 2020. (Doc. No. 17.) In his objections plaintiff explains that he has not moved his case forward because he "has not been able to retain legal counsel" in part because of COVID-19 visitation restrictions at his current place of incarceration. (*Id*.) Plaintiff's filing suggests that he is still considering attempting to amend his complaint but wishes to wait secure counsel before doing so. (*Id*.)

The magistrate judge has recommended that the entire complaint, including the previously found cognizable, be dismissed without prejudice due to plaintiff's continued failure to follow the court's instructions regarding filing an amendment or notifying the court that he wishes to proceed on his cognizable claim. (Doc. No. 16.) The court would be justified in adopting this recommendation in full, as it is well-reasoned and supported by valid authority. However, the claim already found to be cognizable in this case contains a serious allegation. Moreover, it appears to the court that plaintiff still does not fully comprehend the court's instructions. Accordingly, the court will elect to afford plaintiff one final opportunity to move his case forward.

**Plaintiff shall have thirty days from the date of this order to <u>either</u> file an amended complaint[1] <u>or</u> file a brief notice indicating that he wishes to proceed on his claim against**

---

[1] Plaintiff has shown himself capable of pursuing his claims without counsel. Therefore, the court will not delay this case any longer to facilitate plaintiff's search for counsel which may proceed as he prosecutes this action on his own behalf.

**the John Doe "tower officer" that has been screened and found to be cognizable. Plaintiff's failure to respond with an amended complaint or notice will result in dismissal of this entire action without prejudice. Further requests for extensions of time will not be considered by the court.**

The court will hold the pending findings and recommendations in abeyance (i.e., the court will not rule on the findings and recommendations) until the expiration of the deadline set forth above.

IT IS SO ORDERED.

Dated: **October 21, 2020**

UNITED STATES DISTRICT JUDGE