UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ERPINAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTOS, et al.,<br><br>　　　　Defendants. | No. 1:19-cv-01288-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING ACTION WITHOUT PREJUDICE<br><br>(Doc. No. 16) |

　　　　Jason Erpinar ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 10, 2020, the assigned magistrate judge screened the complaint and found that certain claims asserted by plaintiff were insufficiently pled, but that one claim was pled with sufficient specificity to proceed, namely that the John Doe "tower officer" at California Correctional Institute, Tehachapi failed to protect plaintiff from assault by opening plaintiff's cell to allow inmates into his cell and then closing the cell door to permit those inmates to assault plaintiff.  (Doc. No. 10 at 5–6.)  Plaintiff was given the option of amending his complaint to attempt to cure the insufficient claims or electing to proceed only on the claim found to be cognizable in the screening order.  (*Id*. at 7–8.)  Plaintiff was afforded thirty (30) days within which to amend or notify the court that he wished to proceed; he was warned that failure to comply with that deadline might result in dismissal.  (*Id*. at 8–9.)

      Plaintiff was granted two extensions of time to comply with the court's order based upon his expressed desire to show his complaint to an attorney; the last these extensions issued June 11, 2020 and provided plaintiff an additional thirty days to comply with the court's prior order. (Doc No. 14.) Nonetheless, plaintiff failed to respond by that deadline. On August 28, 2020, the magistrate judge entered findings and recommendations, recommending that "[t]his case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and to prosecute this case," and that "[t]he Clerk of Court be directed to close this case." (Doc. No. 16 at 3.)

      Plaintiff filed objections to those findings and recommendations on September 11, 2020. (Doc. No. 17.) In his objections, plaintiff explained that he has not moved his case forward because he "has not been able to retain legal counsel" in part because of COVID-19 visitation restrictions at his current place of incarceration. (*Id*.) Plaintiff's filing suggested that he was still considering attempting to amend his complaint but wished to wait secure counsel before doing so. (*Id*.)

      In an abundance of caution, in an order dated October 21, 2020, the undersigned afforded plaintiff "one final opportunity to move his case forward" and provided plaintiff with the following specific instructions:

> **Plaintiff shall have thirty days from the date of this order to either file an amended complaint or file a brief notice indicating that he wishes to proceed on his claim against the John Doe "tower officer" that has been screened and found to be cognizable. Plaintiff's failure to respond with an amended complaint or notice will result in dismissal of this entire action without prejudice. Further requests for extensions of time will not be considered by the court.**

(Doc. No. 18 (emphasis in original, footnote omitted).)

      It has now been more than sixty days since that order issued. Plaintiff has not responded in any way to the court's order nor has he submitted any other filings. As a result, the court will proceed to rule on the pending findings and recommendations.

/ / / / /

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Accordingly,

(1) The findings and recommendations, dated August 28, 2020 (Doc. No. 16), are ADOPTED IN FULL;

(2) The operative complaint (Doc. No. 1) is dismissed without prejudice;

(3) The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: **January 4, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE